# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. JAMES ALLEN GOOCH

**Appeal from the Criminal Court for Sumner County**
No. 792-2009      Dee David Gay, Judge

_____

**No. M2016-00359-CCA-R3-CD – Filed November 9, 2016**
_____

The Appellant, James Allen Gooch, is appealing the trial court's order dismissing his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J. delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J. joined.

James Allen Gooch, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Lawrence Ray Whitley, District Attorney General; and Lytle A. James, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant is appealing the trial court's order dismissing his motion to correct an illegal sentence.  *See* Tenn. R. Crim. P. 36.1.  In 2011, the Appellant was convicted of the sale of not less than one-half ounce of marijuana within 1,000 feet of a school, a Class D felony, and the attempted sale of 0.5 grams or more of cocaine, a Class C felony.  The Appellant was sentenced to fifteen years for the Class C felony and twelve years for the Class D felony, to be served consecutively.  This Court affirmed the judgments of the trial court.  *State v. James Allen Gooch*, No. M2011-01135-CCA-R3-CD, 2012 WL

4358195 (Tenn. Crim. App., Sep. 25, 2012), *perm. to app. denied*, (Tenn., Jan. 15, 2013). The Appellant then sought post-conviction relief, which was denied. This Court affirmed that denial on appeal. *James Allen Gooch v. State*, No. M2014-00454-CCA-R3-PC, 2015 WL 498724 (Tenn. Crim. App., Feb. 4, 2015).

On December 4, 2015, the Appellant filed a motion under Rule 36.1 to correct an illegal sentence in which he complained about the lack of pretrial jail credits as well as a miscalculation of his sentence by the prison. The trial court concluded that the sentence imposed is not illegal and thus dismissed the Appellant's motion. This timely appeal ensued. In response to the brief filed by the Appellant, the State moves this Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, we grant the State's motion.

Rule 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The Appellant was convicted of Class C and Class D felonies and sentenced as a Range III, persistent offender. The twelve and fifteen year sentences he received are within the applicable range. Tenn. Code Ann. § 40-35-112(c). Accordingly, the Appellant's sentences are specifically authorized by the applicable statute and, therefore, legal. Moreover, as the trial court correctly ruled, the "failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). Similarly, Rule 36.1 is not the vehicle to challenge the prison's calculation of a sentence. Instead, as the Supreme Court has held, the Uniform Administrative Procedures Act governs an inmate's challenge to the prison's sentencing calculation. *State v. Schofield*, 368 S.W.3d 457 (Tenn. 2012).

For these reasons, the Appellant failed to state a colorable claim for relief under Rule 36.1. Thus, the trial court did not err in summarily dismissing the Appellant's motion. Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

2