# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. TONY LADD MEEKS

**Appeal from the Circuit Court for Grundy County**
**No. 3867    Thomas W. Graham, Judge**
_____

**No. M2016-00285-CCA-R3-CD – Filed December 9, 2016**
_____

Defendant, Tony Ladd Meeks, is appealing the trial court's order dismissing his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Russell S. Mainord, Altamont, Tennessee, for the appellant, Tony Ladd Meeks.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; James Michael Taylor, District Attorney General; and David L. Shinn, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Defendant is appealing the trial court's order dismissing his motion to correct an illegal sentence.  *See* Tenn. R. Crim. P. 36.1.  On February 9, 2004, the Appellant pled guilty to felony possession of a controlled substance and received a four-year sentence to be served concurrently with an undisclosed sentence out of Coffee County.  On April 23, 2015, Defendant filed a motion under Rule 36.1 to correct an illegal sentence.  The trial court denied relief because Defendant's sentence expired prior to the filing of the motion.  This timely appeal ensued.  In response to the brief filed by Defendant, the State moves

this Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, we grant the State's motion.

Rule 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a) (2015). At the time Defendant filed his motion, Rule 36.1 provided that "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence." *Id.* The rule has since been amended by deleting the "at any time" language. Tenn. R. Crim. App. 36.1(a) (2016). That change was in response to our supreme court's decision in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). In that case, the court held that Rule 36.1 "does not authorize the correction of expired illegal sentences." 479 S.W.3 at 211.

The Appellant was sentenced to four years imprisonment in 2004. Accordingly, his sentence has long-since expired. Although the judgment reflects that the four-year sentence was to be served concurrent to another sentence, there is no evidence in the record of the length of that sentence other than the assertion by Defendant in his Rule 36.1 motion that the other sentence was five years in length. Thus, that sentence has long-since expired as well. The Appellant acknowledges the *Brown* decision in his brief on appeal. He argues, however, that his sentence has not really expired because it might be used to enhance any future sentence he might receive as a result of pending federal charges. That argument holds no weight in light of the supreme court's reasoning in *Brown*. 479 S.W.3d at 207-209 (explaining that Rule 36.1 mirrors the habeas corpus definition of "illegal sentence" which does not cover expired sentences used to enhance a subsequent sentence for a separate conviction); *see also State v. Ivan Charles Marable*, No. W2015-01670-CCA-R3-CD, 2016 WL 837375 (Tenn. Crim. App., Mar. 4, 2016), *no perm. app. filed*.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
TIMOTHY L. EASTER, JUDGE

2