
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. NICKELLE JACKSON

**Appeal from the Criminal Court for Shelby County**
**No. 93-09264, 93-09266, 93-08166, 93-08167, W94-00337, W94-00338**
**James M. Lammey, Judge**

_____

### No. W2016-01495-CCA-R3-CD

_____

The Appellant, Nickelle Jackson, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER and, JJ., joined.

Monica Timmerman, Memphis, Tennessee, for the Appellant, Nickelle N. Jackson.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On May 18, 1993, the Appellant was arrested on three counts of aggravated robbery and later posted bail on May 21, 1993. After being released on bail, the Appellant was arrested on May 27, 1993, for the unlawful possession of a weapon and again released on bail on June 2, 1993. While out on bail on these four offenses, the Appellant was arrested on March 9, 1994, for two counts of theft. On May 11, 1994, the Appellant plead guilty to and was convicted of three counts of aggravated robbery, one count of unlawful carrying a weapon, one count of theft of property valued between

$10,000 and $60,000, and two counts of theft of property valued over $500. Pursuant to the negotiated plea, the Appellant was sentenced to twelve years' for each of the three counts of aggravated robbery, eleven months and twenty-nine days for unlawful possession of a weapon, six years for theft of property over $10,000 and four years each for the two counts of theft over $500. All of the sentences were to run concurrently for a total effective sentence of twelve (12) years' from May 11, 1994.

On March 31, 2014, the Appellant filed a motion to correct illegal sentence pursuant to Tennessee Rules of Criminal Procedure 36.1. This motion was denied by the trial court for failing to state a colorable claim as the sentences of the Appellant had already expired. This Court, however, remanded the matter to the trial court for further hearing opining that Rule 36.1 was applicable to expired sentences. State v. Jackson, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074 (Tenn. Crim. App. July 14, 2015). While on remand, the Tennessee Supreme Court issued an opinion in the matter of State v. Brown, 479 S.W.3d 200 (Tenn. 2015), addressing "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." Id. at 205. The Brown court held that Rule 36.1 did not to apply to allow relief in matters where the sentence of the petitioner had expired prior to the filing of the motion to correct the illegal sentence. Id. While on remand and after the Brown opinion was released, the trial court once again dismissed the motion of the Appellant as failing to state a colorable claim. After dismissal, the Appellant timely appealed the dismissal of his motion to this Court.

Tennessee Rule of Criminal Procedure 36.1 in effect at the time of filing provides the following mechanism for seeking the correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

- 2 -

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. S. Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.[1]

In his brief, the Appellant acknowledges the case of State v. Brown, but argues that the court was in error in reaching its finding and that Brown is not dispositive in this matter because the illegal sentences were void ab initio. As stated above in Brown, our Supreme Court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." Brown, 473 S.W.3d at 211 (emphasis added). In the present matter, the illegality of the sentences received or any alleged void ab initio status does not affect the ruling of the trial court. The fact that the sentences being challenged by the Appellant were expired is not in dispute. As such, notwithstanding any allegations about the impropriety of the expired sentences, there is no colorable claim pursuant to Rule 36.1 of the Tennessee Rules of Appellate Procedure.

The record reflects that the challenged sentences of the Appellant expired approximately eight (8) years before he filed his Rule 36.1 motion. Accordingly, we conclude the trial court properly denied the defendant's Rule 36.1 motion.

---

[1] Tennessee Rule of Criminal Procedure 36.1 has since been amended to reflect the ruling in State v. Brown, 479 Sw.3d 200 (Tenn. 2015), finding that Rule 36.1 may not be utilized to challenge expired sentences except in those limited circumstances related to the omission of the requirement of community supervision for life. We reach the same conclusion under the amended Rule.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE