IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 2, 2017

**STATE OF TENNESSEE v. WILSON J. B. JONES**

**Appeal from the Criminal Court for Shelby County**
**No. 88-00798      Carolyn W. Blackett, Judge**

————————————————————

**No. W2016-01550-CCA-R3-CD**

————————————————————

Wilson J. B. Jones, the Defendant, filed a Tennessee Rule of Criminal Procedure 36.1 motion for relief from an allegedly illegal sentence. The trial court found that the motion failed to state a colorable claim because the Defendant's sentence had expired and dismissed the motion. The Defendant "concedes that his sentences have expired" and acknowledges that our supreme court in *State v. Brown*, 479 S.W. 3d 200 (Tenn. 2015), "held that Rule 36.1 does not authorize the correction of expired illegal sentences." The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Wilson J. B. Jones.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Defendant, on March 24, 2015, filed a "Motion to Correct Illegal Sentence Pursuant to Tennessee Rules of Criminal Procedure 36.1" (Rule 36.1 motion). At that time, the Defendant was incarcerated in the Federal Correctional Institute in Forrest City, Arkansas. On April 6, 2015, the trial court appointed counsel, and an amended motion was filed. On June 29, 2016, the trial court, after finding that the Defendant's sentences had expired, dismissed the Rule 36.1 motion.

According to the Rule 36.1 motion, the Defendant was transferred from Shelby County Juvenile Court to be tried as an adult for the offenses of robbery with a deadly weapon in case number 88-00798 and burglary in case number 88-00799. The Defendant was arrested for third degree burglary while released on bail for the above two offenses. On June 14, 1988, the Defendant pleaded guilty to robbery in case number 88-00798 and second degree burglary in case number 88-00799 and was sentenced to concurrent five-year sentences on each conviction to be served in the "local workhouse." While serving the five-year sentence, the defendant escaped. Pursuant to a second negotiated plea agreement, the Defendant was sentenced to three years for third degree burglary in case number 88-03912 to be served concurrently with the five-year sentences for robbery and second degree burglary, and the Defendant was sentenced to one year for escape in case number 88-05596 to be served consecutively to the other three convictions. For the purposes of this appeal, we will accept as true the Defendant's claim that the three-year sentence for third degree burglary conviction in case number 88-03912 was required to be served consecutively to the previously imposed five-year sentences pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) and was, therefore, an illegal sentence.

However, the Defendant concedes that his sentences have expired and acknowledges that our supreme court in *State v. Brown*, 479 S.W. 3d 200, 202 (Tenn. 2015), "held that Rule 36.1 does not authorize the correction of expired illegal sentences." The Court of Criminal Appeals is an intermediate appellate court, and as such, we are bound by Tennessee Supreme Court precedent. *State v. Pendergrass*, 13 S.W.3d 389, 397 (Tenn. Crim. App. 1999); *State v. Jacqueline Crank*, No. E2012-01189-CCA-R3-CD, 2013 WL 5371627, at *6 (Tenn. Crim. App. Sept. 26, 2013), *aff'd*, 468 S.W.3d 15 (Tenn. 2015) ("[W]e are bound by Tennessee Supreme Court precedent to consider pretermitted the issue" of the constitutionality of an act.); *Michael Eugene Sample v. State*, No. 02C01-9505-CR-00131, 1996 WL 551754, at *10 (Tenn. Crim. App. Sept. 30, 1996); ("As an intermediate appellate court, we are bound to follow our supreme court precedent…"); *Jean McDaniel v. Nancy Smith*, No. 03A01-9409-CV-00332, 1994 WL 705268, at *1 (Tenn. Ct. App. Dec. 15, 1994) (affirming the trial court's decision in a memorandum opinion because the intermediate appellate courts are "bound by Supreme Court precedent"). Based on our supreme court's holding in *Brown*, we affirm the judgment of the trial court dismissing the Rule 36.1 motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE
