IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ALEX PARRISH

### Appeal from the Criminal Court for Shelby County
No. 90-05606, 90-12109, 90-12110, 90-12111    Paula L. Skahan, Judge

_____

### No. W2016-00645-CCA-R3-CD

_____

The Appellant, Alex Parrish, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

James Gulley, Memphis, Tennessee, for the appellant, Alex Parrish.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin Ball, Assistant Attorney General; Amy Weirich, District Attorney General; and Pamela Stark, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 23, 1990, the Appellant pled guilty to the sale of a controlled substance and received a sentence of 7.2 years. Later on December 4, 1990, the Appellant pled guilty to a three count indictment of one count of robbery and two counts of aggravated robbery. Under this December 4, 1990 plea, the Appellant was sentenced to six (6) years for the offense of robbery and eleven (11) years for each aggravated robbery offense with all sentences to run concurrently with each other. Even though the Appellant was out on bond for the initial sale of a controlled substance charge when arrested for the robbery and aggravated robbery charges, all four sentences were ordered to be served

concurrently with one another giving the Appellant an effective sentence of eleven (11) years from December 4, 1990.

On July 11, 2014, the Appellant filed a pro se motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The basis for the motion of the Appellant was the alleged illegality of the concurrent sentences received for the aforementioned charges. The Appellant argues that the concurrent sentences he received were illegal since he was out on bond for the charge of the sale of a controlled substance when he was arrested for the robbery and aggravated robbery charges. As a result, the Appellant claims the sentences for the two separate sets of indictments were statutorily required to be served consecutively rather than concurrently. *See* Tenn. Code Ann. §40-20-111(b). He maintains that because the sentences are concurrent rather than consecutive they are illegal and therefore his guilty plea should be set aside.

Upon receipt of the motion, the trial court appointed counsel to represent the Appellant. On March 9, 2016, the trial court entered an order denying the motion to correct illegal sentence finding that the sentences had expired prior to the filing of the motion. The Appellant timely appealed the dismissal of his motion to this Court.

Tennessee Rule of Criminal Procedure 36.1, in effect at the time of filing, provides the following mechanism for seeking the correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a

plea agreement.  If not, the court shall enter an amended uniform judgment document, *see* Tenn. S. Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement.  If so, the court shall give the defendant an opportunity to withdraw his or her plea.  If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant.  If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.[1]

In his brief, the Appellant acknowledges the case of *State v. Brown,* in which the Tennessee Supreme Court addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown,* 479 S.W.3d 200, 205 (Tenn. 2015).  In the *Brown* case, our supreme court held that "Rule 36.1 does not expand the scope of relief and *does not authorize the correction of expired illegal sentences*.  Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id*. at 211 (emphasis added).  In his brief, the Appellant argues that the basis for the *Brown* decision was the failure of the trial Court to issue pre-trial credits and as a result the *Brown* decision would not apply in the present case.  A review of our Supreme Court's opinion in *State v. Brown* reveals that the primary issue in the case presented to the Court dealt with illegal sentences unrelated to the application of pre-trial credits.  *Id*.  In fact, the opinion states that the ruling issued in regards to the illegal sentences was dispositive of the entire case and the court addressed the other issues presented, including the argument relating to pre-trial credits, only to "provide guidance to litigants, lawyers, and judges…" *Id*. at 212.

---

[1] Tennessee Rule of Criminal Procedure 36.1 has since been amended to reflect the ruling in *State v. Brown,* 479 Sw.3d 200 (Tenn. 2015), finding that Rule 36.1 may not be utilized to challenge expired sentences except in those limited circumstances related to the omission of the requirement of community supervision for life.  We reach the same conclusion under the amended Rule.

The record reflects that the challenged sentences of the Appellant expired approximately 13 years before he filed his Rule 36.1 motion. Accordingly, we conclude the trial court properly denied the defendant's Rule 36.1 motion.

For this reason, the trial court's judgment is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. Because the defendant is indigent, costs are taxed to the State.

_____
ALAN E. GLENN, JUDGE