IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 17, 2016

## STATE OF TENNESSEE v. JESSIE R. BAILEY

**Appeal from the Criminal Court for Knox County**
**Nos. 62093, 65697     G. Scott Green, Judge**

_____

**No. E2015-01323-CCA-R3-CD – Filed April 13, 2016**

_____

The Defendant, Jessie R. Bailey, entered a guilty plea to possession of 0.5 gram or more of cocaine with the intent to sell.  The Defendant was sentenced to serve eight years. In a separate case, the Defendant pleaded guilty to facilitation of second degree murder and was sentenced to serve eight years concurrently to the sentence in the cocaine possession case.  Approximately sixteen years after the judgments were filed, the Defendant filed motions pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct illegal sentences.  The trial court summarily denied the motions.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Jessie R. Bailey, Manchester, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Charme P. Allen, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The judgment for the Defendant's cocaine possession conviction reflects that the date of the offense was May 27, 1996, and that the Defendant pleaded guilty and the judgment was filed on June 22, 1999.  The judgment for the facilitation of second degree murder conviction reflects that the date of the offense was May 18, 1996, and that the Defendant pleaded guilty and the judgment was filed on June 7, 1999.

On May 18, 2015, the Defendant filed motions to correct illegal sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, which provides:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.[1]

The Defendant alleged that his sentences were illegal because Tennessee Code Annotated section 40-20-111(b) required that they be imposed consecutively because the Defendant had been on bail for the cocaine possession charge when he was arrested for the homicide charge. Code section 40-20-111(b) (2012) provides:

> In any case in which a defendant commits a felony while the defendant was released on bail . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulative, but shall order that the sentences be served cumulatively.

He also alleged that he was arrested on May 27, 1996, for the cocaine possession charge, that he posted bond and was released on June 4, 1996, and that while he was still on bond for the cocaine possession charge, he was arrested on June 15, 1998, for the homicide charge.

The trial court summarily denied the motions, finding that although the Defendant was on bail for the cocaine possession charge when he was arrested for the homicide charge, the date of the homicide offense preceded the Defendant's arrest for the cocaine possession charge. Therefore, the court concluded that the Defendant did not commit the homicide offense while he was on bond for the cocaine possession offense and that the concurrent sentences were legal.

On appeal, the Defendant contends that the trial court erred in denying his motions. Resolution of his appeal is controlled by the recent opinion of our supreme court in *State v. Brown*, 479 S.W.3d 200, 209-11 (Tenn. 2015). The *Brown* court said that Rule 36.1 did not extend to the correction of illegal sentences which have expired. *Id.* In the present case, the Defendant's sentences have expired. Summary dismissal, without inquiry into his Rule 36.1 claim that the sentences were imposed illegally, is

---

[1] We note that an amendment to Rule 36.1 will become effective July 1, 2016.

appropriate.  Although we rely upon different grounds than those relied upon by the trial court, we affirm the court's summary dismissal of the motions.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE