# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON
## Assigned on Briefs May 3, 2016

## STATE OF TENNESSEE v. JOHN A. BAILEY

### Appeal from the Circuit Court for Gibson County
### No. 7289    Clayburn Peeples, Judge
_____

### No. W2015-02330-CCA-R3-CD  -  Filed July 22, 2016
_____


On October 26, 2007, the defendant, John A. Bailey, pled guilty to aggravated robbery and evading arrest and received an eight-year sentence for aggravated robbery, two-year sentence for evading arrest, and almost five years of pretrial jail credit. The trial court then imposed alternative sentences of unsupervised state probation for both convictions. The sentences were to be served concurrent with one another and a prior federal sentence, for which the defendant was already incarcerated. The defendant's state sentences expired on December 21, 2010, yet he filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence on July 6, 2015, asserting in part that he illegally received probation for the aggravated robbery conviction. The trial court summarily denied the motion without a hearing and without appointing counsel for the defendant. The defendant now appeals, maintaining that his sentence was illegal. After a thorough review of the record, we affirm the trial court's denial of the defendant's untimely motion to correct his sentence.

## Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

J. Ross Dyer, J., delivered the opinion of the court, in which Alan E. Glenn and Camille R. McMullen, JJ., joined.

John Anthony Bailey, Memphis, Tennessee, appellant, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 26, 2007, the defendant pled guilty to aggravated robbery and evading arrest by motor vehicle, and the trial court dismissed a charge of possession of a weapon by a convicted felon. The trial court sentenced the defendant as a Range I, standard offender, to eight years for aggravated robbery and two years for evading arrest and then imposed alternative sentences of unsupervised state probation for both. The sentences were to be served concurrently. The defendant had previously been convicted of a related federal charge, so the sentences were also to be served concurrent with his federal sentence. The trial court granted the defendant almost five years of pretrial jail credit.

On July 6, 2015, the defendant filed a Rule 36.1 motion to correct an illegal sentence, asserting that the sentence imposed was in direct contravention of the sentencing schemes mandated by Tenn. Code Ann. §§ 40-35-106 and 40-35-210(b), in part because the trial court sentenced him to probation for aggravated robbery. In response, the State argued the trial court should deny the defendant's Rule 36.1 motion because the defendant's sentence expired prior to the filing of the motion. On November 19, 2015, the trial court denied the Rule 36.1 motion without the appointment of counsel and without a hearing.

The defendant timely appealed the trial court's decision. On appeal, the defendant contends he made a colorable showing that the sentences imposed were in direct contravention of Tenn. Code Ann. §§ 40-35-210 and 40-35-303, so the trial court erred in summarily denying his motion to correct an illegal sentence without the appointment of counsel and a hearing. The State responds that the defendant's sentence has expired and there is no longer any relief available to him under Rule 36.1, so the trial court correctly denied the motion. We find the defendant's sentence expired almost four years prior to the filing of his Rule 36.1 motion and affirm the trial court's denial of it.

Tennessee Rule of Criminal Procedure 36.1 provides the following mechanism for seeking the correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the

- 2 -

sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. S.Ct. Rule 17 setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.[1]

The Tennessee Supreme Court recently addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown,* 479 S.W.3d 200, 205 (Tenn. 2015). Our supreme court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at 211.

---

[1] Tennessee Rule of Criminal Procedure 36.1 was amended effective July 1, 2016. We reach the same conclusion under the amended rule.

The record reflects that the defendant's sentence expired long before he filed his Rule 36.1 motion. On October 26, 2007, the trial court imposed an eight-year sentence for aggravated robbery and a two-year sentence for evading arrest and ordered that the defendant serve the sentences concurrent with one another and a prior federal sentence. The trial court then imposed the alternative sentence of unsupervised state probation. The defendant received pretrial jail credit from December 21, 2002 through October 26, 2007, totaling approximately 1769 days. The defendant's eight-year concurrent sentence began on December 21, 2002, the date he was incarcerated and began receiving pretrial credit. The defendant's concurrent eight-year sentence, including the unsupervised state probation, therefore ended on December 21, 2010, over four years before the defendant filed his Rule 36.1 motion.

The defendant argues that the trial court imposed an illegal sentence. However, he waited until July 6, 2015, after he had completely served the challenged sentence, to file his Rule 36.1 motion. At that point, there was no longer a remedy to correct any illegality in the defendant's sentence. Accordingly, we conclude the trial court properly denied the defendant's Rule 36.1 motion without first appointing counsel or holding a hearing.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE

- 4 -