IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2016

**STATE OF TENNESSEE v. CHARLES WARD, JR.**

**Appeal from the Criminal Court for Davidson County**
**No. B-2889, B-6418, B-6430, C-3719, C-3648, C-1228, C-1229, C-1230, D-1395, D-0973   J. Randall Wyatt, Jr., Judge**

———————————————————

**No. M2016-00214-CCA-R3-CD – Filed September 9, 2016**
———————————————————

The defendant, Charles Ward, Jr., appeals as of right from the Davidson County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence.  The defendant contends that the trial court erred in concluding that Rule 36.1 relief was not available because the alleged illegal sentences had expired prior to the filing of the motion. Following our review, we affirm the trial court's denial of the defendant's Rule 36.1 motion.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Charles Ward, Jr., Atlanta, Georgia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Glenn Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Between 1973 and 1982, the defendant committed and pled guilty to numerous crimes, including armed robbery, burglary, involuntary manslaughter, and escape. The defendant committed many of these crimes while he was either on bond, on parole, or on escape status. In 1983, the defendant pled guilty to two counts of armed robbery and one

count of escape. For these convictions, the defendant received an effective sentence of 25 years to be served consecutive to a prior unexpired sentence.[1]

On December 17, 2014, the defendant filed a motion seeking "Correction of Illegal Sentences" pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In the motion, the defendant generally alleged that the sentences he served for his numerous convictions were illegal because they should have been served consecutively to one another rather than concurrently. In its order dismissing the defendant's Rule 36.1 motion, the trial court summarized its findings as follows:

> According to the motion, the [d]efendant was convicted of several offenses in 10 separate cases throughout the 1970s. He claims that his sentences were illegal because he was arrested on some of the charges while he was on bond for others and received concurrent sentences. The last sentence challenged in the motion appears to have ended sometime in 2009 (concurrent 25-year sentences imposed in 1983 for armed robbery and escape convictions consecutive to a prior sentence). It does not appear from the motion or the Court's files that the sentences for any of these cases were in effect when the motion was filed.

Relying on *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), the trial court dismissed the defendant's motion for failure to state a colorable claim as the defendant's sentences had expired prior to the filing of his motion. This appeal followed.

**Analysis**

On appeal, the defendant contends that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The defendant concedes that his sentences have expired and that our Supreme Court has recently held that Rule 36.1 "does not authorize the correction of expired illegal sentences." However, he argues that *Brown* was "not guided by sound legal princ[i]ples" because it is in "direct conflict with the plain language of the statute." The State responds that the defendant's motion failed to state a colorable claim because the alleged illegal sentences have expired.

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). At the time the defendant filed his motion, Rule 36.1 provided that either the defendant or the

_____

[1]It is unclear from the record exactly what sentence the defendant was serving when the trial court imposed the armed robbery and escape sentences in 1983.

state could "at any time" seek the correction of an illegal sentence. Tenn. R. Crim. P. 36.1 (2013). The rule defined "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* "[A] sentence ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

However, as found by the trial court, our Supreme Court in *Brown* concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." 479 S.W.3d at 211. As noted above, the defendant conceded that the alleged illegal sentences have expired.

With respect to the defendant's argument that *Brown* was wrongly decided, we note that once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) (quoting *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted). If the defendant wishes to challenge the holding in *Brown*, he must seek review from the Supreme Court. Accordingly, we conclude that the trial court did not err in denying the defendant's Rule 36.1 motion to correct an illegal sentence. The judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE