IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2016

## STATE OF TENNESSEE v. MYRON PIERRE WALTON

**Appeal from the Criminal Court for Hamilton County
Nos. 232819, 232878, 242679    Barry A. Steelman, Judge**

_____

**No. E2016-00210-CCA-R3-CD – Filed September 14, 2016**

_____

The Defendant, Myron Pierre Walton, entered guilty pleas in case numbers 232819 and 232878 to two counts of possession of cocaine with intent to sell. The Defendant was sentenced to serve concurrent sentences of eight years on supervised probation. Later, in case number 242679, the Defendant pleaded guilty to aggravated assault. The trial court revoked the Defendant's probation in cases 232819 and 232878 and sentenced him to serve three years concurrently to the previously-imposed eight-year sentences. On August 21, 2014, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct illegal sentences. The trial court summarily denied relief, and the Defendant appealed. This court reversed the judgment of the trial court and remanded the case for further proceedings. On remand, the trial court summarily denied relief because of changes in the controlling law. The Defendant appeals the trial court's denial of relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Myron Pierre Walton, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy E. Wilbur, Senior Counsel; Neal Pinkston, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The judgment in case number 232819 reflects that the date of the offense was December 16, 1999, and that the judgment was filed with the trial court clerk on September 7, 2000. The judgment in case number 232878 reflects that the date of the offense was February 18, 2000, and that the judgment was filed with the trial court clerk on September 7, 2000. The judgment in case 242679 reflects that the date of the offense was April 30, 2002, and that the judgment was filed with the trial court clerk on March 1, 2004.

On August 21, 2014, the Defendant filed a motion to correct illegal sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, which at the time provided:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The Defendant alleged that his sentences were illegal because the Defendant had been released on bail in case number 232819 when he was arrested in case number 232878 and, as a result, Tennessee Code Annotated section 40-20-111(b) (2014) required that the sentences be imposed consecutively. Code section 40-20-111(b) provides:

In any case in which a defendant commits a felony while the defendant was released on bail . . . and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulative, but shall order that the sentences be served cumulatively.

The trial court summarily denied the motion, finding that the Defendant's sentences had expired. In the first appeal, this court reversed and remanded, concluding that Rule 36.1 applied to expired sentences. *See State v. Myron Pierre Walton*, No. E2014-01957-CCA-R3-CD, 2015 WL 5554561 at *5 (Tenn. Crim. App. Sept. 21, 2015). However, on December 2, 2015, our supreme court rendered its decision in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), holding that Rule 36.1 does not extend to the correction of expired illegal sentences. On remand, the trial court applied the controlling law as explained in *Brown* and summarily dismissed the motion. The Defendant appeals the summary dismissal.

On appeal, the Defendant relies upon this court's language in his previous appeal for the principle that a sentence that is *void ab initio* cannot expire because it never existed. However, our supreme court's treatment of expired sentences in *Brown* forecloses the Defendant's reasoning. *See Brown*, 479 S.W.3d at 210-211. *Brown*

-3-

implicitly established that illegal sentences were capable of expiring. *Id*. *Brown* overruled all previous opinions extending Rule 36.1 to expired sentences. In the present case, it is undisputed that the Defendant's sentences had expired when the Defendant filed his 2014 petition. The trial court's summary dismissal without inquiry into the validity of the Defendant's Rule 36.1 claim was proper. We affirm the trial court's summary dismissal of the motion.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE