IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

## STATE OF TENNESSEE v. LEONARDO D. WILLIAMS

**Appeal from the Criminal Court for Shelby County
Nos. 92-06311, 93-05414-15     James M. Lammey, Jr., Judge**

---

**No. W2016-00168-CCA-R3-CD  -  Filed September 28, 2016**

---

The defendant, Leonardo D. Williams, appeals the dismissal of his Tennessee Rule of Criminal Procedure 36.1 motion for correction of an illegal sentence, arguing that he illegally received concurrent sentences when he should have received consecutive ones. We affirm the summary dismissal of the motion pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Leonardo D. Williams, Yazoo City, Mississippi, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On February 16, 1993, the defendant pled guilty in indictment number 92-06311 to the attempted sale of cocaine, a Class D felony, and was sentenced as a Range I, standard offender to two years at thirty percent in the county workhouse. On April 21, 1994, the defendant pled guilty in indictment number 93-05414 to attempted second degree murder and in indictment number 93-05415 to aggravated robbery, both of which were based on an offense date of April 17, 1993. The defendant was sentenced to

concurrent sentences of eight years for each offense. The judgment forms for these offenses make no mention of the defendant's sentence in case number 92-06311.

Although the motion itself is not in the record, according to the trial court's order of dismissal, the defendant filed a motion to correct an illegal sentence on October 21, 2015. The defendant apparently based his claim of an illegal sentence on the fact that both Rule 32(c)(3)(C) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated Section 40-20-111(b) mandate consecutive sentences when the defendant is convicted of a felony that was committed while the defendant was on bail from another felony offense. On December 8, 2015, the trial court dismissed the motion for failure to state a claim, noting that all three of the defendant's sentences had long since expired and that our supreme court held in State v. Brown, 479 S.W.3d 200 (Tenn. 2015), that Rule 36.1 does not apply to an expired illegal sentence. The defendant then appealed to this court.

Based on our review, we affirm the summary dismissal of the motion for failure to state a claim. As an initial matter, the defendant's release status at the time he committed the April 17, 1993 offenses is not clear from the record, as it appears that the defendant may have possibly been on probation, rather than bail, from the drug offense at the time he committed the attempted second degree murder and aggravated robbery offenses. The defendant's negotiated plea agreement indicates that suspension of the two-year sentence recommended by the State for the drug offense was "[t]o be determined by the Court, after a hearing[,]" and the "probation" box on the judgment form for the drug offense appears to have originally been checked and then possibly marked through. Consecutive sentencing is not mandatory when a defendant commits a felony offense while on probation. See Terry Earl Jackson v. State, No. E2014-01511-CCA-R3-PC, 2015 WL 1744173, at *2 (Tenn. Crim. App. Apr. 14, 2015).

Regardless, as the trial court noted, Rule 36.1 "does not authorize the correction of expired illegal sentences" and "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." Brown, 479 S.W.3d at 211. Even if the defendant was out on bail or parole at the time he committed the attempted second degree murder and aggravated robbery offenses, his sentences would have expired and, thus, Rule 36.1 relief is no longer available.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We

2

conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE