# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs at Knoxville July 26, 2016

## STATE OF TENNESSEE v. FRANK C. MASSENGILL

**Appeal from the Circuit Court for Madison County**
**No. 00-844     Kyle Atkins, Judge**

_____

### No. W2016-00349-CCA-R3-CD  -  Filed October 19, 2016

_____

Pro se petitioner, Frank Massengill, appeals from the Madison County Circuit Court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion, his sentences have not expired, and the trial court failed to follow the sentencing procedures under Tennessee Code Annotated section 40-35-210(b). Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Frank C. Massengill, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 27, 2000, the Petitioner plead guilty to aggravated assault and received a suspended sentence of five years of intensive probation.[1] On June 25, 2000, the Petitioner was arrested for the Class B felony of possession of cocaine with the intent to sell, which violated his probation. For this offense, the Petitioner entered into a plea agreement in exchange for a sentence of ten years to be served concurrently with his

---

[1] The judgment included with the record on appeal does not show the box checked reflecting the petitioner's plea of guilty. We presume that the petitioner did in fact plead guilty based on the parties' briefs to this court.

revoked probationary sentence. This judgment was entered on February 28, 2001. On March 4, 2015, the Petitioner filed a motion to correct the illegal sentence that was entered on February 28, 2001 according to Tennessee Rule of Criminal Procedure 36.1.

As grounds for his motion, the Petitioner argued that he made a "colorable claim of an illegal sentence" pursuant to Rule 36.1 of the Tennessee Rule of Criminal Procedure and was entitled to the appointment of counsel and a hearing to determine that "the illegal provision was a material component of the plea agreement." Furthermore, the Petitioner argued that the trial court failed to make appropriate findings when it imposed the ten-year sentence pursuant to Tennessee Code Annotated section 40-35-210(b). The State contends, and we agree, that the trial court properly denied the motion because it did not state a colorable claim that the sentence was illegal and Tennessee Code Annotated section 40-35-210(b) does not apply to a negotiated guilty plea.

Under Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This Court has stated that a colorable claim "is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Taking the Petitioner's assertions in the motion as true and viewing them in the light most favorable to him, the Petitioner is not entitled to relief because his alleged illegal sentence expired some five years ago. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (holding that Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences). Accordingly, because the Petitioner's Rule 36.1 motion failed to state a colorable claim, the trial court's summary dismissal was proper. Furthermore, we agree with the trial court's determination that Tennessee Code Annotated section 40-35-210(b) "is not applicable as a negotiated plea was accepted by the Court."

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or

action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE