# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. GREGORY L. ALLEN a.k.a. MICHAEL TAYLOR

### Appeal from the Criminal Court for Shelby County
### No. 98-06702, 99-02504, 99-02505    Glenn Ivy Wright, Judge

_____

### No. W2016-00495-CCA-R3-CD – Filed November 30, 2016
_____

The defendant, Gregory L. Allen a.k.a. Michael Taylor, appeals as of right from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The defendant contends that the trial court erred in concluding that Rule 36.1 relief was not available because the alleged illegal sentence expired prior to the filing of the motion. Following our review, we affirm the trial court's denial of the defendant's Rule 36.1 motion.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Eric J. Montierth, Memphis, Tennessee, for the appellant, Gregory L. Allen.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On March 9 and March 13, 1998, the defendant committed three separate offenses, including one count of aggravated robbery and two counts of criminal attempt of especially aggravated robbery, to which he pled guilty on August 28, 2000.[1] While out

---

[1]The March offenses were addressed in Case Nos. 98-06702, 99-02504, and 99-02505.

on bail for the March offenses, the defendant committed a subsequent aggravated robbery, to which he also pled guilty on August 28, 2000.[2] Upon entering the guilty pleas for the above-referenced offenses, the trial court sentenced the defendant as a Range I, standard offender to an effective sentence of eleven years.

On May 21, 2015, the defendant filed a *pro se* Motion to Correct Illegal Sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The defendant argued the trial court erred in ordering the sentence for the subsequent aggravated robbery, Case No. 00-08311, to be served concurrently to the three March offenses in Case Nos. 98-06702, 99-02504, and 99-02505. Specifically, the defendant argued the trial court's sentencing violated Rule 32 of the Tennessee Rules of Criminal Procedure, which "requires consecutive sentences" for felonies "committed while the defendant was released on bail and the defendant is convicted of both offenses." Tenn. R. Crim. P. 32 (c)(3)(C). On January 15, 2016, relying on our Supreme Court's recent decision of *State v. Brown*, the trial court dismissed the defendant's motion for failure to state a colorable claim as the defendant's sentences expired prior to the filing of his motion. 479 S.W.3d 200, 211 (Tenn. 2015). This timely appeal followed.

## ANALYSIS

On appeal, the defendant contends that the trial court erred in denying his Rule 36.1 motion to correct an illegal sentence. The defendant concedes that all of his sentences have expired and that our Supreme Court has recently held that Rule 36.1 "does not authorize the correction of expired illegal sentences." However, he argues that "[b]ecause [the defendant's] Motion to Correct Illegal Sentence was pending when *State v. Brown* was decided by the Tennessee Supreme Court, it should not be foreclosed because of a subsequent change in the law." The State responds that the defendant's motion is without merit under the "binding authority" of *Brown* as the defendant's challenged sentence has expired. After our review, we agree with the State.

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). At the time the defendant filed his motion, Rule 36.1 provided that either the defendant or the state could "at any time" seek the correction of an illegal sentence.[3] Tenn. R. Crim. P. 36.1 (2013). The rule defined "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* "[A] sentence

---

[2]It is unclear from the record the date of the subsequent aggravated robbery offense or the length of the sentence imposed by the trial court.

[3]Tennessee Rule of Criminal Procedure 36.1 was amended effective July 1, 2016. We reach the same conclusion under the amended rule.

ordered to be served concurrently where statutorily required to be served consecutively" is an illegal sentence. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

As found by the trial court, our Supreme Court in *Brown* concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." 479 S.W.3d at 211. Here, the record reflects, and the defendant concedes, that the challenged sentence expired before he filed his Rule 36.1 motion. As a result, no remedy exists to correct any illegality in the defendant's sentence under Rule 36.1. Accordingly, we conclude the trial court properly denied the defendant's Rule 36.1 motion.

With respect to the defendant's argument that *Brown* should not apply to his motion as it was filed prior to the Supreme Court's decision, we note that once "the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts," and we have "no authority to overrule or modify" our supreme court's opinions. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) (quoting *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009)) (internal quotation marks omitted). The trial court denied the defendant's Rule 36.1 motion on January 15, 2016, over a month after the Tennessee Supreme Court issued its decision in *Brown*. Accordingly, the trial court did not err by relying on *Brown* when denying the defendant's Rule 36.1 motion to correct an illegal sentence as the sentence had expired. The judgment of the trial court is affirmed.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE

-3-