IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. MARCUS DEANGELO LEE

**Appeal from the Criminal Court for Shelby County**
**No. 95-10473, 95-11561, 95-11562      James M. Lammey, Judge**
_____

**No. W2016-00107-CCA-R3-CD – Filed January 31, 2017**
_____

Pro se Petitioner, Marcus Deangelo Lee, appeals from the Shelby County Criminal Court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred in dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Marcus Deangelo Lee, Springfield, Missouri, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Deputy Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On December 11, 1995, the Petitioner pled guilty to possession of cocaine with intent to sell, possession of a deadly weapon with the intent to employ it during the commission of a crime, and the sale of cocaine. Pursuant to a plea agreement, the trial court sentenced the Petitioner to serve concurrent terms of three years, one year, and three years, respectively, in the county workhouse. This court has previously recounted part of the Petitioner's procedural history as follows:

> Since entering his guilty plea, appellant has filed numerous pleadings challenging his convictions, including a petition for a writ of error coram nobis, Marcus Deangelo Lee v. State, No. W2006-02031-CCA-R3-CO, 2007 WL 1575220 (Tenn. Crim. App. May 31, 2007); a post-conviction

petition, <u>Marcus Deangelo Lee v. State</u>, No. W2009-00256-CCA-R3-PC, 2009 WL 2517043 (Tenn. Crim. App. Aug. 18, 2009); a motion for delayed appeal, <u>Marcus D. Lee v. State</u>, No. W2009-02478-CCA-R3-PC, 2010 WL 2219659 (Tenn. Crim. App. May 27, 2010); a motion to reopen his post-conviction proceedings, <u>Marcus Deangelo Lee v. State</u>, W2011-01003-CCA-R3-PC, 2011 WL 3849629 (Tenn. Crim. App. Aug. 31, 2011); and a motion to correct clerical errors in his judgments, <u>State v. Marcus Deangelo Lee</u>, No. W2011-02160-CCA-R3-CD, 2012 WL 2913361 (Tenn. Crim. App. July 17, 2012). All of these pleadings were either denied or dismissed, and this Court affirmed their dispositions.

<u>Marcus Deangelo Lee v. State</u>, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *2 (Tenn. Crim. App. Mar. 7, 2014).

Subsequently, the Petitioner filed a "Motion to Correct Clerical Errors in the Judgment or Entry that Renders the Judgments Void Nunc Pro Tunc," arguing that two of his sentences were illegal because he was released on bail when he committed the offenses, requiring the sentences to be served consecutively. <u>See</u> <u>Id.</u> at *1, *3. This court found that Rule 36.1 applied retroactively to the Petitioner's claim of an illegal sentence and remanded the case to the trial court. <u>Id.</u> at *6. Upon remand, the trial court found that the Petitioner's sentences were illegal because they should have been imposed consecutively, but the court denied relief because the Petitioner's sentences had expired. <u>See</u> <u>Marcus Deangelo Lee v. State</u>, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063 (Tenn. Crim. App. May 13, 2015). The Petitioner again appealed, and this court held that the trial court erred in denying the Petitioner relief pursuant to Rule 36.1 and reversed and remanded the matter again. <u>Id.</u> at *3-4.

On November 20, 2015, the trial court held a hearing pursuant to the remand order and determined that it could not rule on the Petitioner's issue until the pending Tennessee Supreme Court decision of <u>State v. Brown</u> was released, which would determine whether Rule 36.1 applied to expired sentences. On December 2, 2015, the Tennessee Supreme Court released its opinion in <u>State v. Brown</u>, which held that "Rule 36.1 does not authorize the correction of 'expired' illegal sentences." 479 S.W.3d 200, 213 (Tenn. 2015). On December 17, 2015, the trial court entered an order dismissing the Petitioner's motion pursuant to <u>State v. Brown</u> and "for failure to state a colorable claim since the alleged illegal sentence has expired." The Petitioner filed a timely notice of appeal on January 7, 2016.

## ANALYSIS

The Petitioner argues that the trial court erred in dismissing his motion because the court erroneously determined that his sentence had expired. Additionally, the Petitioner

contends that this court is without jurisdiction to hear his appeal, that the trial court erred in intentionally delaying the proceedings, and that the Tennessee Supreme Court's decision in State v. Brown denies the Petitioner due process. We reject all of the Petitioner's arguments and affirm the judgment of the trial court.

Under Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the State may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This Court has stated that a colorable claim "is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Taking the Petitioner's assertions as true and viewing them in the light most favorable to him, the Petitioner is not entitled to relief because his alleged illegal sentences expired approximately nineteen years ago. See Brown, 479 S.W.3d at 211 (holding that Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences). As we understand the Petitioner's argument, he claims that the State's documentation proving that the Petitioner's sentences expired was insufficient. However, the record reflects that the Petitioner introduced his own documentation at the November 20, 2015 hearing, consisting of a federal order dismissing his petition for federal habeas corpus relief, and showing that his three-year sentence expired on March 13, 1998.

The Petitioner's remaining arguments are also without merit. First, this court has jurisdiction to hear the Petitioner's appeal, which the Petitioner initiated, pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Under Rule 36.1, once the trial court disposes of a motion to correct a sentence, "the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." Tenn. R. Crim. P. 36.1(d). Additionally, the trial court did not unreasonably delay its decision anticipating the release of an outcome dispositive case from the Tennessee Supreme Court because the Court's ruling on that issue would be binding authority on the trial court. See Tenn. Sup. Ct. R. 4(G)(2). Likewise, despite the Petitioner's argument to the contrary, State v. Brown is controlling legal authority which this court and the trial court are bound to follow. Accordingly, the Petitioner's Rule 36.1 motion failed to state a

colorable claim because the Petitioner's sentences have expired, and the trial court's summary dismissal was proper.

## **CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE