
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 10, 2017

## STATE OF TENNESSEE v. MICHAEL O. BROWN

**Direct Appeal from the Circuit Court for Lincoln County**
**No. 180-95     Forest A. Durard, Jr., Judge**

### No. M2016-01343-CCA-R3-CD

In 1991, the Defendant, Michael O. Brown, was convicted of sale of cocaine, and the trial court sentenced him to eleven years of incarceration. In 1996, the Defendant was convicted of sale of cocaine, and the trial court sentenced him to twenty years of incarceration to be served consecutively to his sentence for the 1991 conviction. In 2006, the Defendant filed a motion to correct an illegal sentence. The trial court concluded that the Defendant's 1991 sentence had been improperly enhanced, so it modified the sentence to eight years. The trial court further concluded that this modification did not affect the Defendant's sentence for his 1996 conviction. After filing multiple motions to correct an illegal sentence from 2006 to 2008, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 in 2016, contending that his 1991 conviction was illegal and had been vacated, making the trial court's use of it as an enhancement for his 1996 sentence improper. The trial court dismissed the Defendant's motion and denied his subsequent motion to reconsider. The Defendant appeals, contending that his sentence for his 1996 conviction was improperly enhanced and that the trial court erred when it denied his motion to reconsider. After a thorough review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Jonathan C. Brown, Fayetteville, Tennessee, for the appellant, Michael O. Brown.

Herbert H. Slatery III, Attorney General and Reporter and Brent C. Cherry, Senior Counsel, and Robert J. Carter, District Attorney General for the appellee, State of Tennessee.

## OPINION
## I. Facts

This case originally stems from a jury convicting the Defendant in 1991 for the sale of cocaine. *State v. Michael O. Brown*, No. 01-C-019203-CC000083, 1991 WL 335920 (Tenn. Crim. App., at Nashville, Nov. 18, 1991), *no perm. app. filed.* The trial court sentenced the Defendant in the 1991 case to eleven years, as a Range I, standard offender. In 1996, a jury convicted the Defendant again of the sale of cocaine, and the State sought an enhanced sentence based on the Defendant's prior convictions, including his 1991 conviction. The trial court sentenced him to twenty years as a Range II multiple offender to be served consecutively to his eleven-year sentence. In 2006, the Defendant filed a motion to correct an illegal sentence seeking to correct his 1991 sentence, and the trial court granted his motion based on the following set of facts and conclusions:

> The Defendant testified that he was never addressed and sentenced in open court by the trial judge on any of these dates [when he appeared in court]. Indeed, [the Defendant] testified that he learned of his sentence while he was in jail.

> Thus, the Defendant alleged that his sentence was "illegal and void."

> At the hearing on the Defendant's motion [to correct an illegal sentence], [the Defendant] testified that one of the prior convictions attributed to him in the presentence report and in the Notice of Intent to Seek Enhanced Punishment was not [the Defendant's]. The proof, a certified copy of the judgment in a case of another Michael Brown in Rutherford County, Tennessee, show unequivocally that [the Defendant] was the not the defendant in that case.

> An Addendum to the Pre-Sentence Report dated March 25, 1993, also revealed that another prior conviction attributed to the Defendant was not his.

The trial court held that, because the Defendant was sentenced without a court appearance and based on a prior conviction not attributed to him, the Defendant was improperly sentenced for his 1991 conviction. As such, the trial court modified the Defendant's sentence for that conviction from eleven years to eight years. Additionally, the trial court addressed the Defendant's sentence for his 1996 conviction. It found that the Defendant had a prior history of criminal convictions sufficient to establish the appropriate sentencing range for his 1996 conviction and thus the trial court concluded that the Defendant's subsequent sentence for his 1996 conviction was not affected by the

modification of his sentence for his 1991 conviction.

In 2006, the Defendant filed a second motion to correct an illegal sentence contending that his 1991 conviction could not have been used to enhance his sentence for his 1996 conviction. He claimed that he had not been "lawfully adjudicated" in 1991 and thus the conviction did not meet the criteria necessary to be designated a "judgment of conviction." The trial court issued an order denying his motion, stating the following:

> [The 1991 conviction] relied upon to enhance the sentencing in this case, was adjudicated on July 17, 1991 when the [Defendant] was convicted by a jury for the unlawful sale of a controlled substance. The [Defendant] committed another offense on January 25, 1996, over four years after [the 1991 conviction] was adjudicated. Therefore, the offense, which resulted in this case, occurred after the [1991 conviction] was adjudicated, and pursuant to Tenn. Code Ann. 40-35-106, the Court could and did rely on [the 1991 conviction] to enhance the sentence to twenty (20) years as a Range II, multiple offender.

In 2016, the Defendant filed a fourth[1] motion to correct an illegal sentence, which is the subject of this appeal. In it, the Defendant alleged that his sentence for the 1996 conviction was illegal in light of the trial court's ruling on his 2006 motion that his 1991 sentence was improperly enhanced. This conclusion, he alleged, made his 1991 conviction a void judgment. He contended that it was then relied on by the State to enhance his sentence, classifying him as a Range II, multiple offender for the purposes of sentencing for his 1996 conviction.

The trial court denied the Defendant's motion, stating that his allegations were the same as those in his 2006 motion and were estopped by *res judicata*. The trial court further held that the Defendant's sentence had expired and, thus, relief pursuant to Rule 36.1 was not available to him. The Defendant subsequently filed a motion to reconsider, which the trial court denied in an order restating its conclusion that all the issues raised by the Defendant had been previously litigated and that the Defendant had not presented a colorable claim for Rule 36.1 relief. It is from this judgment that the Defendant now appeals.

## II. Analysis

---

[1] The Defendant filed a third motion to correct an illegal sentence in 2008; it is included in the technical record in this matter, however no order or other dispositional document is present. As the Defendant's brief notes, "[t]he Clerk's file is slim regarding the disposition of this motion;" however he notes that the motion was denied.

On appeal, the Defendant contends that his 1996 sentence is illegal because it was enhanced based on a void sentence pursuant to his 1991 conviction. He further contends that the trial court erred when it denied his motion to reconsider based on the "pretense" that his sentence for his 1991 conviction had expired. The State responds that the Defendant's motion failed to state a colorable claim and that his sentence has expired. The State further contends that the Defendant's 1996 conviction was not improperly enhanced. It notes that the 1991 conviction remained valid and that the conviction was the basis for the enhancement of the 1996 sentence.

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. S. Ct. Rule 17 setting forth the correct sentence.

4

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

The Tennessee Supreme Court recently addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). Our Supreme Court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at 211.

The Defendant argues that his sentence for his 1996 conviction is illegal. The record reflects that the Defendant's sentence for his 1996 conviction expired before he filed the Rule 36.1 motion at issue in this case. The judgment was entered on September 17, 1996 and the Defendant was sentenced to twenty years of incarceration. The trial court noted in its order that, according to the felony offender information database, the Defendant's sentence ended in 2011. Because the Defendant has completely served his sentence, Rule 36.1 may not be utilized to correct any illegality in the sentence. Accordingly, we conclude that the petition was properly dismissed by the trial court and that the trial court did not err when it denied his motion to reconsider.

## III.  Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

5