IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 13, 2018

## STATE OF TENNESSEE v. RONNIE BRADFIELD

**Appeal from the Criminal Court for Shelby County**
**No. 92-05779     Glenn Wright, Judge**

---

### No. W2017-01328-CCA-R3-CD

---

The petitioner, Ronnie Bradfield, appeals from the summary dismissal of his pro se pleading, in which pleading the petitioner asked for relief via the writ of error coram nobis, the writ of habeas corpus, and Tennessee Rule of Criminal Procedure 36.1. Because the record supports the dismissal, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Ronnie Bradfield, Whitefield, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Gavin A. Smith and Lora Fowler, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On March 25, 1993, a Shelby County Criminal Court jury convicted the petitioner of three counts of attempted second degree murder, and the trial court imposed concurrent sentences of nine years' incarceration for each of the petitioner's convictions. *See State v. Ronnie Bradfield*, No. 02C01-9306-CR-00112 (Tenn. Crim. App., Jackson, July 19, 1995). While he was being remanded into custody immediately following the sentencing hearing in that case, the petitioner "removed a pistol from his shoe," and, during the ensuing struggle with the courtroom bailiffs, the petitioner bit one of the bailiffs. *State v. Bradfield*, 973 S.W.2d 937, 941-42 (Tenn. Crim. App. 1997). As a result of the melee, the petitioner was later convicted of attempted first-degree murder, carrying a firearm during judicial proceedings, and possession of a firearm after being convicted of a felony. *Id.*

In the ensuing 25 years, the petitioner has mounted numerous challenges against all of his convictions. Most recently, on August 26, 2016, the petitioner filed a pleading entitled "Petitioner's Rule 36.1 Motion to Vacate Illegally Imposed Sentence And/Or Writ of Error Coram Nobis And/Or Writ of Habeas Corpus." The style of the petitioner's pleading listed case numbers that related to his convictions of attempted second degree murder. In his pleading, the petitioner first challenged the nine-year sentence imposed for his convictions of attempted second degree murder, claiming that the term of incarceration should have been less than nine years because he had no prior felony convictions and because the trial court used other than jury-determined facts to enhance the sentences. He also challenged his convictions on grounds that the admission of certain evidence violated the Confrontation Clause.[1] In its response to the petitioner's pleading, the State asserted that the petitioner was not entitled to relief under Tennessee Rule of Criminal Procedure 36.1 because the nine-year sentence has expired and because the petitioner failed to state a colorable claim for relief. The trial court summarily dismissed the pleading, finding that the petitioner had failed to state a colorable claim for relief under Rule 36.1.

In this appeal, the petitioner asserts that the trial court erred by summarily dismissing his pleading without ruling upon his claims to coram nobis and habeas corpus relief. He also claims entitlement to relief, although it is unclear in what form, on grounds that a variety of violations "resulted in a cumulative constitutional violation." Specifically, he claims that his sentence violated his constitutional rights, that the trial court violated his right to confront the witnesses against him by preventing him from cross-examining the State's expert who declared him competent to stand trial, that the evidence is insufficient to support his convictions, that the prosecutor improperly called him a "mentally disturbed" person during closing argument, and that the "trial attorney"[2] and the prosecutor violated his constitutional right to present a defense by preventing him from presenting evidence of his post-traumatic stress disorder. The State contends that the petitioner is not entitled to relief under Rule 36.1 because his sentences have expired, because he failed to state a colorable claim for relief, and because the sentences imposed were legal.

Regardless of the vehicle employed for the attack, the petitioner is not entitled to any form of relief based upon any of the claims he has made.

The petitioner cannot obtain relief from the effective nine-year sentence imposed in this case via a motion to correct an illegal sentence under Rule 36.1 because

---

[1] This challenge encompasses documentary "evidence" in a variety of forms, much of which centered on the pretrial determination of the petitioner's competency to stand trial.

[2] The petitioner represented himself at trial.

the sentence has expired. *See* Tenn. R. Crim. P. 36.1 ("Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires."); *see also State v. Brown,* 479 S.W.3d 200, 211 (Tenn. 2015) (holding that "Rule 36.1 does not authorize relief from expired illegal sentences"). Even without this bar, however, the petitioner would not be entitled to relief under the rule because, as this court has twice informed the petitioner already, the claim that the sentence was enhanced based upon factors not found by the jury is not a colorable claim for relief under Rule 36.1. *Ronnie Bradfield v. State,* No. W2014-01735-CCA-R3-PC (Tenn. Crim. App., Jackson, May 18, 2015) (Memorandum Opinion); *Ronnie Bradfield v. Tony Parker, Warden,* No. W2008-02231-CCA-R3-HC (Tenn. Crim. App., Jackson, June 10, 2009) (Memorandum Opinion).

Similarly, the petitioner cannot obtain relief via a petition for writ of habeas corpus because his sentences have expired. Additionally, the pleading filed by the petitioner fails to comply with the mandatory statutory requirements for filing a petition for writ of habeas corpus, *see* T.C.A. §§ 29-21-105 to -112, and fails to state a cognizable claim for habeas corpus relief because none of the petitioner's claims, even if true, would render his convictions void.

Finally, the petitioner cannot obtain relief via a petition for writ of error coram nobis because his petition is time barred, *see id.* § 27-7-103, and because he has failed to state a cognizable claim for coram nobis relief. The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories but may be based upon any "newly discovered evidence relating to matters which were litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. T.C.A. § 40-36-105(b). None of the claims raised by the petitioner are based upon "newly discovered evidence relating to matters which were litigated at the trial."

Accordingly, we affirm the order of summary dismissal.

_____
JAMES CURWOOD WITT, JR., JUDGE