IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 26, 2018

**STATE OF TENNESSEE v. RODNEY CARSON FORBES**

**Appeal from the Criminal Court for Knox County
No. 70672    G. Scott Green, Judge**

_____

**No. E2017-02093-CCA-R3-CD**

_____

Rodney Carson Forbes, Defendant, filed a Tennessee Rule of Criminal Procedure 36.1 motion seeking pretrial jail credits. The trial court summarily dismissed the motion for failure to state a colorable claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Rodney Carson Forbes, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 8, 2002, pursuant to a plea agreement, Defendant pled guilty in case 70373 to second degree murder and was sentenced to twenty years to serve. On the same day, he pled guilty in case 70672 to conspiracy to commit first degree murder and was sentenced to serve a consecutive fifteen-year sentence as a standard offender. In June 2017, Defendant filed a Rule 36.1 motion seeking jail credit from May 1, 2000 through January 8, 2002, in case 70672. The judgment of conviction in case 70672 noted an "offense date" of May 2000 and a "filing date" of the presentment of June 1, 2000, and

does not provide pretrial jail credit. The judgment of conviction in case 70373 is not included in the appellate record.

On June 27, 2017, the trial court entered an order denying the motion. The order states the following, with emphasis added:

> On June 19, 2017[,] [Defendant] filed a pro-se pleading styled "Motion to Correct an Illegal Sentence" wherein he alleges he is entitled to relief pursuant to Rule 36.1 Tennessee Rules of Criminal Procedure. The gravamen of [Defendant's] present complaint is that he was not awarded pre-trial jail credits from May 1, 2000 thru the date of judgment, January 8, 2002. On this same date, however, [Defendant] plead guilty in case #70373 to Second Degree Murder and was sentenced to an agreed upon sentence of twenty (20) years within the Tennessee Department of Correction[]. [Defendant] was awarded pre-trial jail credit in case # 70373 from *February 11, 2002 thru January 8, 2012*. The judgment of conviction for #70672 orders the service of that sentence consecutively to #70373. As a consequence, [Defendant], having received the pre-trial jail credit(s) he now seeks in #70373, is not entitled to these same credits in a consecutive sentence.

The pretrial jail credits stated in the trial court's order—*February 11, 2002 thru January 8, 2012*—occurred after Defendant pled guilty in case 70373. The pretrial jail credit dates in the trial court's order are obviously not correct.

Defendant alleges that his sentence in case 70672 is illegal because the trial court failed to award pretrial jail credits. Our supreme court has held that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (italics in original). The opinions of this court cited by Defendant were issued before and superseded by *Brown*.

We affirm the trial court's denial of the Rule 36.1 motion but remand for entry of a corrected order showing the actual pretrial jail credit Defendant received in case 70373.

_____
ROBERT L. HOLLOWAY, JR., JUDGE