IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2024

**STATE OF TENNESSEE v. ANDRE ANTHONY**

**Appeal from the Criminal Court for Shelby County
Nos. 00-00160, 00-00161     Chris Craft, Judge**

_____

**No. W2023-01019-CCA-R3-CD**

_____

The Defendant, Andre Anthony, appeals the trial court's denial of his motion to correct a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36. The Defendant contends that his two consecutive sentences at issue were originally ordered to run in a specific order but that the challenged corrected judgment forms indicate that each sentence runs consecutively to the other, in no particular order, and should once again be corrected. The State responds that the trial court correctly denied the Rule 36 motion because the order of the consecutive sentences is immaterial and because the corrected judgments accurately reflect the Defendant's sentence. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Andre Anthony, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.     FACTUAL AND PROCEDURAL HISTORY**

This case arises from a July 1999 incident where the Defendant attacked and robbed a store clerk at gunpoint in Memphis, Tennessee. *State v. Anthony*, No. W2002-01377-

CCA-R3-CD, 2003 WL 23100339, at *1-2 (Tenn. Crim. App. Dec. 30, 2023), *perm. app. denied* (Tenn. June 1, 2004). Numerous courts have documented the full factual and procedural history of this case.[1] As such, we will limit our recitation to those facts necessary to resolve this appeal.

In 2002, a Shelby County jury convicted the Defendant in case number 00-00161 of especially aggravated robbery ("the robbery case") and in case number 00-00160 of attempted first degree murder ("the attempted murder case"). *Id.* at *4. According to the transcript of the sentencing hearing, which was attached to the Defendant's Rule 36 motion, the trial court sentenced the Defendant to twenty-two years at 100 percent in the robbery case. In the attempted murder case, the Defendant was sentenced to twenty-four years at thirty percent, "consecutive to the [twenty-two]year sentence[,]" for a total effective sentence of forty-six years. The judgment forms for both cases ordered each sentence to run consecutively to the other, and both listed the Defendant's 982 days of pretrial jail credit.

On July 29, 2020, the trial court entered corrected judgment forms for both cases.[2] For the attempted murder case, the trial court removed the consecutive sentence notation and listed that the Defendant was to receive pretrial jail credit from August 24, 1999, to May 2, 2002, or 982 days. For the robbery case, the trial court kept the notation that this sentence was consecutive to the attempted murder case but removed the award of pretrial jail credit.

---

[1] *See Anthony*, 2003 WL 23100339 (affirming the Defendant's convictions and sentence on direct appeal); *Anthony v. State*, No. W2007-00532-CCA-R3-PC, 2008 WL 763783 (Tenn. Crim. App. Mar. 24, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008) (affirming denial of post-conviction relief); *State v. Anthony*, No. W2016-02347-CCA-R3-CD, 2018 WL 1989613 (Tenn. Crim. App. Apr. 26, 2018), *perm. app. denied* (Tenn. July 19, 2018) (affirming dismissal of the Defendant's motion pursuant to Tennessee Rule of Criminal Procedure 36); *Anthony v. Tennessee*, No. 18-cv-02584, 2020 WL 6811675 (W.D. Tenn. Nov. 19, 2020) (dismissing habeas corpus petition pursuant to 28 U.S.C. § 2254); *Anthony v. State*, No. M2021-00665-CCA-R3-HC, 2022 WL 2812824 (Tenn. Crim. App. July 19, 2022), *perm. app. denied* (Tenn. Dec. 14, 2022) (affirming dismissal of habeas corpus petition); *Anthony v. Parker*, No. M2021-00753-COA-R3-CV, 2022 WL 4091747 (Tenn. Ct. App. Sept. 7, 2022), *perm. app. denied* (Tenn. Dec. 14, 2022) (dismissing appeal challenging the denial of relief pursuant to the Uniform Administrative Procedures Act); *State v. Anthony*, No. W2021-00668-CCA-R3-CD, 2022 WL 2826852 (Tenn. Crim. App. July 20, 2022), *perm. app. denied.* (Tenn. Dec. 19, 2022) (dismissing appeal challenging corrected judgment forms and order of consecutive sentences).

[2] Neither the original judgments nor the corrected judgments from 2020 were included in the record before us. They were in the record of the Defendant's appeal in *Anthony*, 2022 WL 2826852. We have taken judicial notice of the underlying appellate record in that case. *See* Tenn. R. App. P. 13(c).

The Defendant filed a "Motion to Correct Judgment Order" in response to the corrected judgment forms of July 29, 2020. *Anthony*, 2022 WL 2826852, at *1. In his motion, the Defendant requested that the trial court specify that he was to serve his sentence in the robbery case first and argued that the July 29, 2020 corrected judgments were invalid because he never received notice from the State for a motion to correct his judgments. *Id*. The trial court denied the motion, and this court dismissed the Defendant's appeal, finding that the Defendant did not have a right of appeal from the denial of a "Motion to Correct Judgment Order." *Id.* at *2. A panel of this court nevertheless concluded that the sentencing hearing transcript reflected that the trial court ordered the Defendant to serve his sentence in the attempted murder case consecutively to the sentence in the robbery case. *Id.* This court stated that "the trial court should have entered a corrected judgment in [the attempted murder case] pursuant to Tennessee Rule 36 to remove the duplicitous award of pretrial jail credits." *Id.*

Pursuant to Tennessee Rule of Appellate Procedure 11, the Defendant filed an application to appeal this dismissal to the Tennessee Supreme Court. On December 19, 2022, the Tennessee Supreme Court denied the Defendant's application but stated in its order,

> Upon consideration of the application, and the record before us, the application is denied without prejudice to filing in the trial court, pursuant to Tennessee Rule of Criminal Procedure 36, a motion to correct the judgments in case numbers 00-00160 and 00-00161. *See* [*Anthony*, 2022 WL 2826852, at *2] (noting that, contrary to the corrected judgments entered on July 29, 2020, the sentencing hearing transcript reflects that the trial court ordered the [D]efendant to serve the twenty-four-year sentence for [the attempted murder case] consecutively to the twenty-two-year sentence for [the robbery case] and that it therefore appears that the trial court should have removed the duplicitous award of pretrial jail credit on the judgment for [the attempted murder case], not [the robbery case]).

Order, *State v. Anthony*, No. W2021-00668-SC-R11-CD (Tenn. Dec. 19, 2022).

On March 7, 2023, the trial court entered corrected judgment forms for both cases. In the judgment for the attempted murder case, the trial court ordered that sentence to run consecutively to the robbery case, and it removed the award of pretrial jail credit. In the "Special Conditions" box, the trial court noted, "Corrected pursuant to *State v. Andre Anthony*, W2021-00668-SC-R1-CD Filed 12/19/22 (to remove duplicative jail credit)." In

the judgment for the robbery case, the trial court ordered that sentence to run consecutively to the attempted murder case and added the award of pretrial jail credit. In the "Special Conditions" box on this judgment form, the trial court noted, "Corrected pursuant to *State v. Andre Anthony*, W2021-00668-SC-R1-CD Filed 12/19/22 (to add jail credit)." Thus, the corrected judgment forms reflected that each sentence was to run consecutively to the other, but the Defendant was awarded pretrial jail credit only in the judgment for the robbery case.

On March 10, 2023, the Defendant filed a "Motion to Correct Clerical Error Entry on Corrected Judgment # 00-00-161 Dated 3-7-23." In the motion, the Defendant alleged that the March 7, 2023 corrected judgment forms erroneously indicated that the sentences were consecutive to each other without reference to any particular order. The Defendant argued that the trial court should remove the consecutive notation on the robbery case, as that sentence was to be served first and was not consecutive to his other sentence. On May 15, 2023, the trial court denied the motion and found that the corrected judgment forms accurately ordered the robbery case's sentence to run consecutively to the attempted murder case's sentence, totaling an effective sentence of forty-six years, and accurately applied the Defendant's pretrial jail credit to the robbery case.

On June 2, 2023, the Defendant filed a second "Motion to Correct Clerical Mistake," contending that the May 15, 2023 order contradicted the record and the Tennessee Supreme Court's December 19, 2022 order. He argued that his attempted murder sentence was to be served consecutively to his robbery sentence, "not the other way around." On June 7, 2023, the trial court denied the Defendant's second motion stating that because both sentences "are to be served consecutively to each other, it makes no difference which indictment number is stated first." This timely appeal followed.

## II. ANALYSIS

The Defendant contends that his Rule 36 motion was improperly denied because the March 7, 2023 corrected judgment forms errantly reflect the Defendant's sentences running consecutively to the other, in no specific order, contrary to the trial court's comments at the sentencing hearing and to the Tennessee Supreme Court's December 19, 2022 order. The State asserts that the trial court correctly denied the Rule 36 motion because the order of the consecutive sentences is immaterial and because the corrected judgments accurately reflect the Defendant's sentence.

Tennessee Rule of Criminal Procedure 36 provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the

- 4 -

record arising from oversight or omission." Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document and may be corrected at any time[.]" *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (citation and internal quotations omitted). Correcting clerical mistakes may include "supply[ing] omitted or overlooked information." *State v. Allen*, 593 S.W.3d 145, 154 (Tenn. 2020). "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *Brown*, 479 S.W.3d at 213 (citation omitted). When a conflict exists between the judgment and the transcript of the trial court's statements, the transcript controls. *Id*. (citations omitted). This court has previously reviewed a trial court's ruling on a Rule 36 motion under an abuse of discretion standard. *See*, *e.g.*, *Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014) (citation omitted).

Here, the Defendant contends his robbery case must be served first and the notation that it is "consecutive to" his attempted murder case is a clerical error. In arguing that the trial court correctly denied the Defendant's Rule 36 motion, the State quotes the following language from *State v. Blanton*: "[I]t is immaterial whether sentence one is consecutive to sentence two, or vice versa, as the sentences are consecutive in either case." 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996). We note that *Blanton* involved a determination of whether the consecutive sentencing provision for felony offenses committed while on bail, as set forth in Tennessee Rule of Criminal Procedure 32(c)(3)(C), applied when a defendant was convicted of the initial offense first before being tried for the second offense. *See id*. In holding that the defendant was subject to mandatory consecutive sentencing pursuant to Rule 32(c)(3)(C) under such a scenario, this court concluded that the language of the Rule "does not specify that there *must* be a conviction for the earlier offense and *then* a conviction for the latter one." *Id*. So, while the dicta quoted by the State is certainly supportive of the State's position, it is not dispositive of the question before us as this case is not on all fours with the question presented in *Blanton*.

However, Tennessee Code Annotated section 40-35-501(m) provides, "For consecutive sentencing, the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date for the consecutive sentences." Therefore, the total period a defendant must serve in incarceration before becoming release eligible is the same regardless of which sentence is served first. *See State v. March*, No. M2018-00660-CCA-R3-CD, 2019 WL 1409354, at *3 (Tenn. Crim. App. Mar. 28, 2019); *cf. Stewart v. Schofield*, 368 S.W.3d 457, 467 (Tenn. 2012) (holding the concept of custodial parole irrelevant as defendants serving consecutive sentences will be assigned a single release eligibility date). Relying on section -501(m), this court has previously determined that a defendant's challenge to the order of his consecutive

- 5 -

sentences did not qualify as a clerical error under Rule 36 as the defendant's sentence was accurately reflected in the judgment forms. *See March*, 2019 WL 1409354, at *3 (holding the consecutive notation on both judgment forms was not a clerical error because the release eligibility was the same and the sentencing calculation was "clear and straight forward – fifty-six years, twenty-five of these years to be served at 100%"). In the instant case, we conclude the same.

Additionally, the March 7, 2023 corrected judgment forms list the Defendant's pretrial jail credit on his robbery case, thereby designating it as the first sentence to be served. *See*, *e.g.*, *State v. Cabrere*, No. W2019-02093-CCA-R3-CD, 2020 WL 5230593, at *2 (Tenn. Crim. App. Sept. 1, 2020); *Dulworth v. Steward, Warden*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012); *State v. Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (all of these cases holding that a defendant ordered to serve consecutive sentences is only entitled to pretrial jail credit on his first sentence). For the reasons stated, the corrected judgments accurately reflect the sentence imposed by the trial court. The trial court did not err by denying Rule 36 relief.

### III. CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
KYLE A. HIXSON, JUDGE